UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

E*TRADE FINANCIAL CORPORATION and
E*TRADE BANK,
              Plaintiffs,

                                      05 Civ. 0902 (RWS)
   - against -
                                      MEMORANDUM OPINION

DEUTSCHE BANK AG,

              Defendant.

------------------------------------X

Sweet, D.J.,

       The defendant Deutsche Bank, AG ("Deutsche Bank") has moved pursuant to Rules 59(e) and 60(a), Fed. R. Civ. P., and Local Civil Rule 6.3 for clarification of the opinion of this Court entered March 9, 2006 (the "March 9 Opinion"), and alternatively for reconsideration or reargument of the March 9 Opinion. The motion was marked fully submitted on May 3, 2006. For the reasons set forth below, the motion is denied.

       The March 9 Opinion denied Deutsche Bank's motion for judgment on the pleadings. One of the counterclaims advanced by Deutsche Bank, and relied upon in the motion for judgment on the pleadings, was that the First Amended Complaint ("FAC") of the plaintiffs E*Trade Financial Corporation and E*Trade Bank (collectively, "E*Trade") was precluded by the arbitration clause contained in § 2.06 of the Stock Purchase Agreement ("SPA") with respect to the Closing Balance Sheet relating to the Deutsche Recreational Asset Funding Corporation ("DRAFCO"). The March 9

Opinion concluded that the arbitration clause did not constitute grounds for the dismissal of the FAC.

As to the applicability of the "arbitration requirement set forth in one narrow context" (March 9 Opinion at 23), E*Trade contended that Deutsche Bank had waived any arbitration rights. The Court's statement that resolution of the issue of waiver was "premature" in the context of a motion for judgment on the pleadings (March 9 Opinion at 25) has given rise to the instant motion and Deutsche Bank's uncertainty with respect to the availability of arbitration. The uncertainty was not diminished by the heading of this section of the March 9 Opinion: "Arbitration Is Not Required." (March 9 Opinion at 22.)

The March 9 Opinion stated that the arbitration clause did not bar "E*Trade's fraud, statutory and breach of contract claims." (March 9 Opinion at 24.) The extent of the applicability of arbitration, if any, was not dealt with in the March 9 Opinion, since that issue was premature in the absence of any motion to compel arbitration. The question whether the arbitration provision extended to the dispute over the Deferred Tax Asset of DRAFCO was not specifically presented to the Court as such. Rather, the March 9 Opinion simply determined that the arbitration clause did not bar the FAC.

There is no amendment to be made under Rule 59(e) or clerical error to be corrected under Rule 60(a). In the view of the Court, there is no overlooked fact or authority requiring reconsideration under Local Rule 6.3. It is therefore appropriate to deny the motion.

A lack of clarity in an opinion, at whatever level, is regrettable, as is the resulting delay in resolving the action. In the future, with the help of the parties, the Court will seek to eliminate both conditions.

The motion is denied.

It is so ordered.

New York, NY
October  //  , 2006

ROBERT W. SWEET
U.S.D.J.