UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

E*TRADE FINANCIAL CORPORATION, et al.,

            Plaintiffs,

  - against -

DEUTSCHE BANK, AG,

            Defendant.

------------------------------------------x

05 Civ. 902 (RWS)

MEMORANDUM OPINION

**Sweet, D.J.,**

      Plaintiffs E*Trade Bank and E*Trade Financial Corporation ("E*Trade" or the "Plaintiffs") have moved under Rule 33, Fed. R. Civ. P., and Local Civil Rule 33.3(b) to compel defendant Deutsche Bank AG ("Deutsche Bank" or the "Defendant") to answer Plaintiffs' Second Set of Interrogatories to Defendant (the "Interrogatories"). For the reasons set forth below, the motion is granted in part and denied in part.

      By letter of August 15, 2006, E*Trade sought a conference to compel answers to the Interrogatories. This request was opposed by Deutsche Bank by letter of August 18, 2006. The letters were marked as fully submitted on September 6, 2006.

      The nine Interrogatories seek "all of the assumptions, inputs, methods, theories, calculations, and generally accepted

1

accounting principles used to derive" certain figures relating to the valuation by Deutsche Bank and its auditor KPMG of the DRAFCO "Deferred Tax Asset" ("DTA"), a contested and key issue in this litigation. Specifically, E*Trade's Interrogatories seek this information on: (1) net servicing income of $7,849,452; (2) a $6,500,000 servicing asset; (3) the $10,876,757 "potential overstatement" of the DTA; (4) the value of certain residuals used to calculate the DTA; (5) the ($25,829,792) residual income of DRAFCO; (6) the $3,700,000 "cushion"; (7) servicing assets of $6,692,038 and $7,862,605; (8) a $27,000,000 servicing expense; and (9) the $22,135,841 deferred tax liability.

E*Trade has argued that the Interrogatories are a more practical method of obtaining the desired information than document requests or depositions, and has stated that it "has been unable to unravel Deutsche Bank's complicated tax and accounting methodologies, financial calculations, and back-up documents allegedly supporting the calculations by rummaging th[r]ough Deutsche Bank's financial documents." (E*Trade letter of August 15, 2006, at 4.)

Deutsche Bank has resisted the Interrogatories on the grounds that: (1) the Interrogatories are overbroad and burdensome, (2) Deutsche Bank has produced documents that provide the information sought by the Interrogatories, and (3) any additional information could be obtained more effectively by way of

2

depositions. Deutsche Bank also has noted that eight of the figures for which information is sought are found in documents "prepared and produced by third-party KPMG," and has argued that it should not be required to interpret these documents because E*Trade may depose KPMG personnel directly. (Deutsche Bank letter of August 18, 2006, at 1-2.)

Local Civil Rule 33.3(b) provides that "[d]uring discovery, interrogatories other than those seeking [identification of witnesses, identification of documents, or computation of damages] may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the court."

As Plaintiffs have stated, the Interrogatories "ask Deutsche Bank to reconstruct complicated tax and accounting entries (all of which are dependent upon complex and multiple inputs, assumptions, GAAP analysis, methodologies, and accounting principles) . . . ." (E*Trade letter of August 22, 2006, at 1.) To the extent that Plaintiffs seek long narrative explanations of underlying assumptions and methodologies, they have not shown that interrogatories are a more practical means of discovery than depositions. In the cases cited by E*Trade, courts compelled answers to interrogatories seeking only comparatively simple responses. See Shamis v. Ambassador Factors Corp., 34 F. Supp. 2d 879, 893-94 (S.D.N.Y. 1999) (seeking identity of witnesses,

calculation of damages, and explanation of source of documents); Madanes v. Madanes, 186 F.R.D. 279, 289-90 (S.D.N.Y. 1999) (seeking identification of relevant bank accounts); Tyson v. King, No. 98 Civ. 1628 (LMM) (DFE), 1998 WL 823667, at *1 (S.D.N.Y. Nov. 25, 1998) (seeking exact revenues for specified events).

While Deutsche Bank may respond to the Interrogatories by identifying responsive documents, see Fed. R. Civ. P. 33(d), the "specifications of documents to be produced [in response to an interrogatory] shall be in sufficient detail to permit the interrogating party to locate and identify the records and to ascertain the answer as readily as could the party from whom discovery is sought." Local Civil Rule 33.1(a). This obligation applies equally to documents authored by KPMG. See Am. Rockwool, Inc. v. Owens-Corning Fiberglas Corp., 109 F.R.D. 263, 266 (E.D.N.C. 1985) (holding that, in answering interrogatories, "a party is charged with knowledge of what its agents know and the contents of its available records."); Transcon. Fertilizer Co. v. Samsung Co., 108 F.R.D. 650, 653 (E.D. Pa. 1985] ("A party cannot plead ignorance to information that is from sources within its control.").

In order to utilize the depositions appropriately, the Interrogatories will be modified to require Deutsche Bank to identify the specific documents relating to each of the figures at issue, and indicate the precise location of responsive information.

4

Further details regarding the use of the identified documents by Deutsche Bank and KPMG to calculate the figures at issue can be obtained by the deposition of appropriate witnesses.

Deutsche Bank will comply with the Interrogatories as modified.

It is so ordered.

New York, NY
November /0 , 2006

ROBERT W. SWEET
U.S.D.J.